# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| GEOFFREY ALLEN REED,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA/DEPT. OF CORRECTIONS (MEDICAL) – CROSSROADS FACILITY, SHELBY,<br><br>Defendants. | Cause No. CV 12-00053-GF-SEH-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Plaintiff Geoffrey Reed has filed a proposed civil rights Complaint, C.D. 1, and a Motion to Proceed in Forma Pauperis, C.D. 3. The Motion to Proceed in Forma Pauperis will be granted. The Complaint should be dismissed because Mr. Reed specifically alleges he failed to exhaust his administrative remedies.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial

1

district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3). This case was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

### III. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Reed submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Reed is required to pay the statutory filing fee for this action of $350.00. Accordingly to his account statements, Mr. Reed has insufficient funds to pay an initial partial filing fee. That fee will be deferred, but Mr. Reed will be obligated to make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Mr. Reed will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### IV. STATEMENT OF CASE

#### A. Parties

Mr. Reed is a state prisoner incarcerated at Crossroads Correctional Facility

in Shelby, Montana. Mr. Reed names the State of Montana/Department of Corrections (medical)–Crossroads Facility, Shelby as the Defendant on the first page of his Complaint. C.D. 1. He names "CCA/Crossroads Corr. Cntr. Medical/ Nursing Dept. of (several nursing staff/ c/os /Govt- Entity" on the first page of his Motion to Proceed in forma pauperis. C.D. 3.

In the Defendants section of the Complaint, Mr. Reed lists a number of individuals which he indicates are "involved." C.D. 1, pp. 7, 8, 23. But he also indicates he is "not suing the defendant(s)," he is suing a government entity. C.D. 1, p. 8. The State of Montana and the Montana Department of Corrections are immune to monetary damages under the Eleventh Amendment to the United States Constitution. Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). Therefore Mr. Reed can only sue individuals, and he specifically states that he does not intend to do so. But regardless of who Mr. Reed intends to sue, the case should be dismissed for failure to exhaust administrative remedies.

### B. Allegations

Mr. Reed alleges Defendants were deliberately indifferent to his safety. He contends he told prison intake staff that he needed to be placed in a low risk area of the prison due to his extensive head and back injuries. However, he was placed in

3

a higher risk area with an "assaultive and unstable" cellmate who ultimately attacked him. Thereafter, he contends he was denied appropriate medical care for his injuries. C.D. 1, pp. 9-23.

## V. 28 U.S.C. §§ 1915, 1915A REVIEW

### A. Standard

Mr. Reed is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require dismissal of a pro se prisoner complaint before it is served upon defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to

4

less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

The statute does not deprive the district court of its discretion to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court declines to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Here amendment would be futile.

### B. Analysis

The Prison Litigation Reform Act ("PLRA") contains an exhaustion requirement which states: [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion of administrative remedies is not a pleading requirement. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1112 (9th Cir. 2003). It is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints. <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). However, a complaint must be dismissed when failure to exhaust appears on the face of the pleading. <u>Jones</u>, 549 U.S. at 215. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." <u>Wyatt</u>, 315 F.3d at 1120.

Mr. Reed alleges there is a grievance procedure at Crossroads Correctional Facility, where he was incarcerated at the time of the incident at issue. He did not file an administrative grievance based upon the facts alleged in his Complaint. He states he did not file a grievance because he is suing the State of Montana and a state facility and the process will not remedy the damages that have been done. C.D. 1, p. 7.

Even when the prisoner seeks relief not available in grievance proceedings, exhaustion is a prerequisite to suit. <u>Booth</u>, 532 U.S. at 741. The fact that the administrative procedure cannot result in the particular form of relief requested by a prisoner does not excuse exhaustion because some sort of relief or responsive

action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records). The Supreme Court has cautioned courts against reading futility or other exceptions into the PLRA exhaustion requirement. Booth, 532 U.S. at 741 n. 6.

Mr. Reed conceded he did not file a grievance regarding his claims and no exception applies in these circumstances. Therefore, this case should be dismissed without prejudice for failure to exhaust administrative remedies.

## VI. CONCLUSION

Mr. Reed failed to exhaust his administrative remedies. This is not a defect which could be cured by the allegation of additional facts. Accordingly, the Complaint should be dismissed without prejudice.

It is not clear under Ninth Circuit law whether a dismissal solely for failure to exhaust administrative remedies is sufficient to count as a strike, O'Neal v. Price, 531 F.3d 1146, 1155, n. 9 (9th Cir. 2007). Therefore this dismissal should not count as a strike pursuant to 28 U.S.C. § 1915(g).

The Federal Rules of Appellate Procedure provides:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on

> appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

It appears from the face of the Complaint that Mr. Reed failed to exhaust his administrative remedies. No reasonable person could suppose an appeal would have merit. Therefore, it will be recommended that the Court certify that any appeal of this matter would not be taken in good faith.

It is **ORDERED:**

1. Mr. Reed's Motion to Proceed in Forma Pauperis C.D. 3 is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint C.D. 1 to remove the word "LODGED" and the Complaint is deemed filed on July 23, 2012.

3. At all times during the pendency of this action, Mr. Reed SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. Mr. Reed's Complaint should be dismissed without prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &**

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Reed may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Reed files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Reed from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of October, 2012.

      /s/ Keith Strong
      Keith Strong
      United States Magistrate Judge